[Cite as *State v. Blair-Walker*, 2013-Ohio-4118.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-P-0125** |
| JOSEPH BLAIR-WALKER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2012 CR 0116.

Judgment: Affirmed.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Kristina Drnjevich*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Leonard J. Breiding, II*, 4825 Almond Way, Ravenna, OH 44266 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Joseph Blair-Walker appeals from the August 28, 2012 judgment entry of the Portage County Court of Common Pleas, sentencing him to prison for one count of rape and multiple counts of gross sexual imposition, and finding him to be a sexually violent predator. Mr. Blair-Walker asserts the trial court failed to consider the appropriate statutes in sentencing him, and that the finding he is a sexually violent predator is supported by insufficient evidence. Finding no error, we affirm.

{¶2} February 23, 2012, the Portage County Grand Jury returned an indictment in ten counts against Mr. Blair-Walker: two counts of rape, in violation of R.C. 2907.02(A)(1)(b) and (B), felonies of the first degree; three counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4), felonies of the third degree; three counts of gross sexual imposition, in violation of R.C. 2907.05(B), felonies of the third degree; and two counts of disseminating matter harmful to juveniles, in violation of R.C. 2907.31(A), felonies of the fourth degree. All of the rape and gross sexual imposition counts included sexually violent predator specifications, R.C. 2941.148. The indictment stemmed from conduct occurring over a lengthy period with the daughter of Mr. Blair-Walker's girlfriend, with whom he lived. The child was 11 years old at the time of indictment. February 24, 2012, Mr. Blair-Walker pleaded not guilty to each count.

{¶3} Jury trial commenced July 17, 2012. July 20, 2012, the jury returned its verdict, finding Mr. Blair-Walker guilty on one count of rape, and all of the counts of gross sexual imposition.[1] The jury failed to enter a verdict on the second count of rape, whereby the trial court declared a mistrial on that count, later entering nolle prosequi on it at the state's motion.

{¶4} July 31, 2012, bench trial was held regarding the sexually violent predator specifications. The state introduced evidence that Mr. Blair-Walker had pleaded guilty to three counts of gross sexual imposition in 2004, in Summit County, Ohio. Those crimes were remarkably similar to those presently before the court: Mr. Blair-Walker molested girls aged six, seven, and eleven, one being the daughter of the girlfriend with

---

[1.] The trial court dismissed the disseminating counts on defense motion prior to submitting the case to the jury.

2

whom he then lived, the others being her friends.  The trial court found Mr. Blair-Walker to be a sexually violent predator from the bench.

{¶5}   Sentencing hearing went forward August 27, 2012; the trial court held a resentencing hearing the next day.  By its judgment entry filed August 28, 2012, the trial court sentenced Mr. Blair-Walker to serve 25 years to life on the rape.  One count of gross sexual imposition merged with the rape for sentencing purposes.  The trial court further sentenced Mr. Blair-Walker to 5 years to life on each remaining count of gross sexual imposition, the terms to be served concurrently with each other, but consecutive to that for rape.

{¶6}   This appeal timely ensued, Mr. Blair-Walker assigning two errors.  The first reads: "The trial court erred in sentencing the appellant by imposing more than the minimum sentence and by imposing an improper consecutive sentence."  The issue presented for review is, "Whether the trial court erred to the appellant's prejudice by imposing more than the minimum sentence and by imposing an improper consecutive sentence?"  Mr. Blair-Walker makes three assertions in support of this assignment of error: (1) the trial court failed to consider the purposes of felony sentencing, R.C. 2929.11; (2) the trial court failed to make the findings required to impose consecutive sentences, R.C. 2929.14(C)(4); and (3) the trial court failed to consider the seriousness and recidivism factors, R.C. 2929.12.

{¶7}   Initially, we must determine the standard of review applicable to alleged sentencing errors.  Prior to 2006, Ohio sentencing law created presumptions that offenders be given minimum, concurrent terms of incarceration.  *See* former R.C. 2929.14(B), 2929.14(E)(4), 2919.19(B)(2), and 2929.41.  These presumptions could be

3

overcome if the court made specific factual findings regarding the nature of the offense and the need to protect the public. This judicial fact-finding was later called into question by *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), where the United States Supreme Court held that judicial fact-finding could infringe upon a defendant's Sixth Amendment right to a jury trial because it invaded the fact-finding function of the jury.

**{¶8}** In 2006, the Ohio Supreme Court held that under *Apprendi* and *Blakely*, Ohio's sentencing statutes that required a judge to make factual findings in order to increase a sentence beyond presumptive minimum or concurrent terms unconstitutionally infringed on the jury's function in violation of the Sixth Amendment. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856. As a result, the Court severed those sections and held that courts have full discretion to sentence within the applicable statutory range and to order sentences to be served consecutively. *Id.* at ¶99-100.

**{¶9}** In applying *Foster,* the Ohio Supreme Court later held in 2008 that appellate courts must apply a two-step procedure for review of a felony sentence. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912. In the first step, the *Kalish* Court held that appellate courts shall examine the sentencing court's compliance with "all applicable rules and statutes in imposing the sentence" to determine whether the sentence is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G). *Id.* at ¶26. If this first step is satisfied, the Court held that the trial court's decision shall be reviewed under an abuse-of-discretion standard. *Id.*

4

{¶10} We note that *Kalish*, an appeal from this court, *State v. Kalish*, 11th Dist. Lake No. 2006-L-093, 2007-Ohio-3850 (O'Toole, J., concurring in part, dissenting in part) is a plurality opinion. Therefore, it is merely persuasive. *See State v. Azbill*, 11th Dist. Lake No. 2007-L-092, 2008-Ohio-6875, ¶9, fn. 2, citing *State v. Bassett*, 8th Dist. Cuyahoga No. 90887, 2008-Ohio-5597, ¶24, fn.2. Although the plurality in *Kalish* indicated that this court did not review the sentence to ensure that the trial court clearly and convincingly complied with the pertinent laws, it nevertheless affirmed this court's judgment, albeit on different grounds.

{¶11} Thereafter, in 2009, the reasoning in *Foster* was partially called into question by *Oregon v. Ice*, 555 U.S. 160 (2009), where the United States Supreme Court held that a state could require judicial findings of fact to impose consecutive rather than concurrent sentences without infringing on a defendant's Sixth Amendment rights. In 2010, the Ohio Supreme Court subsequently determined that *Foster* remained valid after *Ice* and the judiciary was not required to make findings of fact prior to imposing maximum or consecutive sentences in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320. However, a trial court was still required to consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12. *See Foster, supra,* at ¶36-42.

{¶12} On September 30, 2011, Ohio's sentencing statutes were revised pursuant to H.B. 86. The Ohio General Assembly enacted a new, but slightly different, requirement of judicial fact-finding under H.B. 86, containing many amendments to criminal sentencing provisions. For example, H.B. 86 revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4), requiring a trial court to

5

make specific findings when imposing consecutive sentences. As a result, we no longer apply the two-step analysis contained in the 2008 *Kalish* case to defendants sentenced after H.B. 86's enactment. Rather, we apply R.C. 2953.08(G) and the clear and convincing standard to determine whether the sentence is contrary to law. *See e.g. State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶10; *State v. Drobny*, 8th Dist. Cuyahoga No. 98404, 2013-Ohio-937, ¶5, fn.2; *State v. Kinstle*, 3rd Dist. Allen No. 1-11-45, 2012-Ohio-5952, ¶47; *State v. Cochran*, 10th Dist. Franklin No. 11AP-408, 2012-Ohio-5899, ¶52.

**{¶13}** In reviewing a felony sentence, R.C. 2953.08(G) provides:

**{¶14}** "(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

**{¶15}** "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

**{¶16}** "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

**{¶17}** "(b) That the sentence is otherwise contrary to law."

**{¶18}** The Eighth District recently stated in *Venes, supra,* at ¶20-21:

6

{¶19} "It is important to understand that the 'clear and convincing' standard applied in R.C. 2953.08(G)(2) is not discretionary. In fact, R.C. 2953.08(G)(2) makes it clear that '(t)he appellate court's standard for review is not whether the sentencing court abused its discretion.' As a practical consideration, this means that appellate courts are prohibited from substituting their judgment for that of the trial judge.

{¶20} "It is also important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings. In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review."

{¶21} Mr. Blair-Walker contends the trial court failed to consider the purposes of felony sentencing. H.B. 86 revised R.C. 2929.11, which now provides, in relevant part:

{¶22} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

**{¶23}** In its judgment entry of sentence, the trial court stated:

**{¶24}** "The Court considered the purpose of felony sentencing which is to protect the public from future crimes by the Defendant and to punish the Defendant using the minimum sanctions that the Court determines to accomplish those purposes without imposing an unnecessary burden on state or local government resources.

**{¶25}** "The Court also considered the need for incapacitating the Defendant, deterring the defendant and others from future crime, rehabilitating the Defendant, making restitution to the victim of the offense, the public or both.

**{¶26}** "The Court also considered the evidence presented by counsel, oral statements, any victim impact statements, the Pre-Sentence Report and the defendant's statement."

**{¶27}** This language generally adheres to that set forth at R.C. 2929.11(A). While useful for appellate review, trial courts are not required to make factual findings under R.C. 2929.11. *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶49. "Rather, the trial court still has discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." *Id.*

**{¶28}** Consequently, we find no error relating to the trial court's consideration of the purposes of felony sentencing.

**{¶29}** Mr. Blair-Walker also contends the trial court failed to make the findings required to impose consecutive sentences. These are now set forth at R.C. 2929.14(C), which provides, in relevant part:

**{¶30}** "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms

8

consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶31} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶32} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶33} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

{¶34} In its judgment entry of sentence, the trial court stated:

{¶35} "The Court further finds that the consecutive sentence is necessary to protect the public from future crime or to punish the Defendant; that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the defendant poses to the public. Further, at least two of the multiple offenses were committed as a part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses committed was so great or unusual that

9

no single prison term for any of the offenses committed as a part of any of the courses of conduct adequately reflects the seriousness of the Defendant's conduct and the Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant."

**{¶36}** These findings, again, closely adhere to the language set forth at R.C. 2929.14(C)(4). As the Eighth District noted in *Venes*, *supra*, at ¶16, a sentencing court is not required by R.C. 2929.14(C)(4) to "justify its findings by giving reasons for making those findings." The trial court had before it the testimony of Mr. Blair-Walker's young victim, who appeared on behalf of the state at trial to recount the horrors to which she had been subjected, repeatedly.

**{¶37}** We find no error in the trial court's findings in support of consecutive sentences.

**{¶38}** Mr. Blair-Walker also asserts the trial court erred in failing to consider the seriousness and recidivism factors enumerated in R.C. 2929.12.

**{¶39}** "A sentencing court must consider * * * the seriousness and recidivism factors in R.C. 2929.12. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶38, * * *. The sentencing court need not make findings regarding these statutes in order to impose the maximum prison term. We have held that a silent record raises the rebuttable presumption that the sentencing court considered the statutory sentencing criteria. *State v. James*, 7th Dist. No. 07CO47, 2009-Ohio-4392, ¶50. Only if the record affirmatively shows that the trial court failed to consider the principles and purposes of sentencing will a sentence be reversed on this basis, unless the sentence is strikingly

10

inconsistent with relevant considerations. *Id.*" (Parallel citation omitted.) *State v. Parsons*, 7th Dist. Belmont No. 12 BE 11, 2013-Ohio-1281, ¶12.

**{¶40}** In this case, the trial court did not include any findings regarding the seriousness and recidivism factors. Again, such findings, even if not required, are useful for appellate review. However, the record in this case contains obvious factors indicating that Mr. Blair-Walker's conduct was more serious than normal. The injuries, mental and physical, suffered by his victim are exacerbated by her youth. R.C. 2929.12(B)(1). He used his relationship with the victim and her mother to facilitate the crimes. R.C. 2929.12(B)(6). The record clearly establishes that Mr. Blair-Walker is a recidivist: he was previously convicted of gross sexual imposition regarding prepubescent girls, one of whom was the daughter of his then girlfriend. R.C. 2929.12(D)(2) and (3). Mr. Blair-Walker showed no remorse for his crimes, merely making a brief and bland denial of guilt when sentenced. R.C. 2929.12(D)(5).

**{¶41}** We find no error in the trial court's consideration of the seriousness and recidivism factors.

**{¶42}** The trial court did not err in sentencing Mr. Blair-Walker to more than minimum terms of imprisonment, or to consecutive terms. The first assignment of error lacks merit.

**{¶43}** The second assignment or error is, "The trial court committed plain error when it found the appellant to be a violent sexual predator under O.R.C. 2971.01." The issue presented is, "Whether there was sufficient evidence for the trial court to find that appellant was a violent sexual predator."

**{¶44}** Regarding a challenge to the sufficiency of evidence, this court has held:

11

{¶45} "'Sufficiency' challenges whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the jury, * * *.

{¶46} "'"(* * *) The test (for sufficiency of the evidence) is whether after viewing the probative evidence and the inference drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. *The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence.* (Emphasis added.)'

{¶47} "In other words, the standard to be applied on a question concerning sufficiency is: when viewing the evidence 'in a light most favorable to the prosecution,' '(a) reviewing court (should) not reverse a jury verdict where there is substantial evidence upon which the jury could reasonably conclude that all of the elements of an offense have been proven beyond a reasonable doubt.'" (Citations omitted.) *State v. Schlee*, 11th Dist. Lake No. 93-L-082, 1994 Ohio App. LEXIS 5862, *13-14 (Dec. 23, 1994).

{¶48} The term "sexually violent predator" is defined at R.C. 2971.01(H), which provides:

{¶49} "(H)(1) 'Sexually violent predator' means a person who, on or after January 1, 1997, commits a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses.

{¶50} "(2) For purposes of division (H)(1) of this section, any of the following factors may be considered as evidence tending to indicate that there is a likelihood that the person will engage in the future in one or more sexually violent offenses:

12

**{¶51}** "(a) The person has been convicted two or more times, in separate criminal actions, of a sexually oriented offense or a child-victim oriented offense. For purposes of this division, convictions that result from or are connected with the same act or result from offenses committed at the same time are one conviction, and a conviction set aside pursuant to law is not a conviction.

**{¶52}** "(b) The person has a documented history from childhood, into the juvenile developmental years, that exhibits sexually deviant behavior.

**{¶53}** "(c) Available information or evidence suggests that the person chronically commits offenses with a sexual motivation.

**{¶54}** "(d) The person has committed one or more offenses in which the person has tortured or engaged in ritualistic acts with one or more victims.

**{¶55}** "(e) The person has committed one or more offenses in which one or more victims were physically harmed to the degree that the particular victim's life was in jeopardy.

**{¶56}** "(f) Any other relevant evidence."

**{¶57}** Essentially, Mr. Blair-Walker relies on R.C. 2971.01(H)(2)(a), providing that a person who has been convicted at least twice, in separate criminal actions, of sexually oriented offenses may be deemed a sexually violent predator. Mr. Blair-Walker correctly notes that the trial court relied on his prior conviction in 2004 for gross sexual imposition in determining that he had committed two or more sexually oriented offenses. The trial court further relied, of course, on the convictions subject of this case. Mr. Blair-Walker further notes that the 2004 conviction resulted from offenses committed at the same time, and argues that it is a single conviction for purposes of R.C. 2971.01(H).

13

And then, he cites to the decision in *State v. Smith*, 104 Ohio St.3d 106, 2004-Ohio-6238, ¶1, where the court held: "R.C. 2971.01(H)(1) requires that only a conviction that existed prior to the indictment of the underlying offense can be used to support the (sexually violent predator) specification." Pursuant to *Smith*, Mr. Blair-Walker contends the trial court could not rely on his present conviction to establish that he has been convicted twice or more times of sexually oriented offenses. Thus, he reasons that he has only been convicted for one sexually oriented offense, and cannot be deemed a sexually violent predator.

**{¶58}** We disagree. As several appellate courts have noted, the decision in *Smith* was premised on a former version of R.C. 2971.01(H)(1), which defined a sexually violent predator as, "'[A] person *who has been convicted of or pleaded guilty to committing * * * a sexually violent offense* and is likely to engage in the future in one or more sexually violent offenses.'" (Emphasis sic.) *State v. Austin*, 1st Dist. Hamilton No. C-110804, 2012-Ohio-4232, ¶17. *See also State v. Wagers*, 12th Dist. Preble No. CA2009-06-018, 2010-Ohio-2311, ¶28-33. As the *Austin* court found:

**{¶59}** "In response to *Smith*, the legislature amended R.C. 2971.01(H)(1) to its current version, which defines a [sexually violent predator] as a 'person who, * * * *commits* a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses.' (Emphasis added.) Thus, the statute now provides that a sexually violent offense in the current indictment can be the basis for the [sexually violent predator] specification." *Austin* at ¶18.

{¶60} Consequently, the trial court in this case was entirely justified on relying on the crimes and specifications contained in the current indictment in determining that Mr. Blair-Walker is a sexually violent predator. The second assignment of error lacks merit.

{¶61} The judgment of the Portage County Court of Common Pleas is affirmed.

{¶62} It appearing from the record that appellant is indigent, costs are waived.

{¶63} The court finds there were reasonable grounds for this appeal.


TIMOTHY P. CANNON, P.J.,

DIANE V. GRENDELL, J.,

concur.