[Cite as *State v. Grodzik*, 2013-Ohio-5364.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-P-0111** |
| BRIAN L. GRODZIK, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2012 CR 0370.

Judgment: Affirmed.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Pamela J. Holder,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Patricia J. Smith,* 9442 State Route 43, Streetsboro, OH 44241 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Brian L. Grodzik, appeals from the judgment of the Portage County Court of Common Pleas, sentencing him to a maximum term of three-years imprisonment for reckless homicide. We affirm.

{¶2} Appellant met Linda L. Palmisano in a nursing home where each was recovering from a drug overdose. The couple married. The record indicates that appellant suffers from certain intellectual and behavioral limitations. He did not

graduate from high school and could not pass the GED test, though he attempted twice. He has not worked for many years, but survives on social security payments. He takes medication for schizophrenia. He was 55 years old at the time of sentencing. The record also indicates Ms. Palmisano was physically disabled.

{¶3} On the evening of September 16, 2011, the couple was at a new apartment. The apartment building lacked smoke alarms or fire extinguishers. Ms. Palmisano was in bed, from which she could not leave without assistance. Appellant wished to remove a tag from a sofa. To do so, he lit the tag on fire; the fire spread, however. Appellant attempted, unsuccessfully, to put the fire out with water from pots and pans. Appellant called to his wife, but claimed he received no response. He left the apartment and advised responding emergency personnel that Ms. Palmisano was still in the building. She was dead.

{¶4} On June 4, 2012, the Portage County Grand Jury returned an indictment against appellant, charging him with one count of reckless homicide, a third-degree felony, in violation of R.C. 2903.041. Appellant entered a written plea of guilty and the trial court ordered a presentence investigation ("PSI") report. After a sentencing hearing, the trial court sentenced appellant to a maximum, three-year term of imprisonment. Appellant now appeals and assigns two errors for our review. Each assignment of error challenges appellant's sentence.

{¶5} "[A]ppellate courts must apply a two-step approach when reviewing felony sentences. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the

2

trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶26.

{¶6} The first assignment of error provides:

{¶7} "The trial court abused its discretion when it considered factors that are clearly and convincingly contrary to R.C. 2929.11 and R.C. 2929.12."

{¶8} Under this assignment of error, appellant argues the trial court improperly considered an elevated mens rea in sentencing him for his guilty plea on the charge of reckless homicide. Instead of "reckless" conduct, appellant asserts the court observed that appellant acted possibly "knowingly" in committing the crime. Appellant maintains this consideration is contrary to the facts of record and, as a result, the trial court's maximum sentence is contrary to law. We do not agree.

{¶9} At the sentencing hearing, the trial court expressed surprise that the only charge in the indictment was reckless homicide. The court stated: "I'm going to find this is a heinous act, committed recklessly and possibility [sic] knowingly." This comment does not imply that the court imposed the maximum penalty based upon illegitimate considerations. To the contrary, the trial court acknowledged it was bound by the indictment, and, in reaching its sentence, further affirmed that appellant's act was reckless. The fact that the trial court indicated a suspicion that the act may have been "knowing," within the contemplation of the law, does not clearly and convincingly demonstrate that the trial court applied a heightened mens rea to illegitimately inflate appellant's sentence. The sentence was within the relevant felony range and, in light of the foregoing analysis, discern no error in the court's decision to impose the maximum sentence.

3

**{¶10}** Appellant's first assignment of error lacks merit.

**{¶11}** Appellant's second assignment of error asserts:

**{¶12}** "The trial court erred in failing to consider statutorily required mitigating factors during sentencing hearing."

**{¶13}** Under this assigned error, appellant argues the trial court abused its discretion in applying the seriousness and recidivism factors set forth at R.C. 2929.12. Specifically, he asserts the trial court did not consider his diminished capacity pursuant to R.C. 2929.12(C)(4), a factor making criminal conduct less serious, when "[t]here are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."

**{¶14}** The overriding purposes of felony sentencing in Ohio "are to protect the public from future crime by the offender * * * and to punish the offender." R.C. 2929.11(A). "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

**{¶15}** It is well-recognized that a sentencing court "has discretion to determine the most effective way to comply with the purposes and principles of sentencing." R.C. 2929.12(A). And the Ohio Supreme Court has emphasized a sentencing court has "full discretion to impose a prison sentence within the statutory range." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus; *State v. Ries*, 11th Dist. Portage No. 2008-P-0064, 2009-Ohio-1316, ¶13 ("[s]uch discretion is plenary").

4

Therefore, "the trial court is not obligated, in the exercise of its discretion, to give any particular weight or consideration to any sentencing factor." *State v. Holin*, 174 Ohio App.3d 1, 2007-Ohio-6255, ¶34 (11th Dist.).

{¶16} Moreover, although a court must consider the seriousness and recidivism factors of R.C. 2929.12, it need not make findings regarding these factors to impose the maximum prison term. There is no legal requirement that "the sentencing judge must use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Hutchings*, 11th Dist. Portage Nos. 2011-P-0019, 2011-P-0020, 2011-P-0021, and 2011-P-0022, 2012-Ohio-649, ¶36, quoting *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000). "[A] silent record raises a presumption that the relevant statutory factors were duly considered before the sentencing determination was made." (Citation omitted.) *State v. Overstreet*, 11th Dist. Portage No. 2012-P-0049, 2013-Ohio-540, ¶26.

{¶17} In this case, the trial court stated, in its judgment, that it considered the purposes of felony sentencing, the statements of counsel, and the PSI. Although the trial court did not state in the judgment entry on sentence it had considered the R.C. 2929.12 factors, we must nevertheless presume the trial court considered the statutory factors in fashioning the sentence.

{¶18} Further, the transcript of the sentencing hearing demonstrates the trial court, at the least, considered the seriousness of appellant's conduct. In particular, the trial court was struck that appellant's actions placed all inhabitants of the apartment building in harm's way. R.C. 2929.12(B) instructs the sentencing court to consider "any other relevant factor, * * * indicating that the offender's conduct is more serious than

5

conduct normally constituting the offense * * *." The court's observation regarding the severity of appellant's recklessness indicates it considered the seriousness factors under R.C. 2929.12(B) in selecting its sentence. Under the circumstances, we conclude the trial court acted within its discretion in sentencing appellant to the maximum term of imprisonment.

{¶19} Appellant's second assignment of error is without merit.

{¶20} The judgment of the Portage County Court of Common Pleas is therefore affirmed.

TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only with a Concurring Opinion.

_____

COLLEEN MARY O'TOOLE, J., concurs in judgment only with a Concurring Opinion.

{¶21} I concur in the majority's reasoning and disposition of the assignments of error. I write separately simply to note my belief that *Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, is no longer applicable when the courts of appeal review alleged sentencing errors. As I have written before, I believe the changes to Ohio's sentencing statutes enacted through H.B. 86 mandate that the courts of appeal apply R.C. 2953.08(G)(2) and the clear and convincing standard set forth therein to alleged sentencing errors. *See e.g. State v. Blair-Walker*, 11th Dist. Portage No. 2012-P-0125, 2013-Ohio-4118, ¶7-20.

{¶22} I concur.