[Cite as *State v. Nugent*, 2014-Ohio-3848.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

      Plaintiff-Appellee

-vs-

THOMAS NUGENT

      Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Sheila G. Farmer, J.
Hon. John W. Wise, J.

Case No. 13 CA 30

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Guernsey County Court of Common Pleas, Case No. 13CR62 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | September 3, 2014 |
| APPEARANCES: | |

For Plaintiff-Appellee

DANIEL G. PADDEN
Prosecuting Attorney
139 West 8th Street
P.O. Box 640
Cambridge, Ohio 43725

For Defendant-Appellant

LINDSEY K. DONEHUE
120 Southgate Parkway
P.O. Box 464
Cambridge, Ohio 43725

*Hoffman, P.J.*

{¶1}  Defendant-appellant Thomas Nugent appeals his sentence entered by the Guernsey County Court of Common Pleas.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2}  Following a trial to the bench in the Guernsey County Court of Common Pleas, Appellant was convicted of one count of vehicular homicide, a misdemeanor of the first degree, in violation of R.C 2903.06(A)(2).; one count of tampering with evidence, a felony of the third degree, in violation of R.C. 2921.12; failure to stop after an accident, a felony of the third degree, in violation of R.C. 4549.02; and an assured clear distance/speed limit, a minor misdemeanor, in violation of R.C. 4511.21(A).

{¶3}  At the September 4, 2013 sentencing hearing, the trial court sentenced Appellant to six months in the Guernsey County Jail on the vehicular homicide count; three years imprisonment for the vehicular homicide count; three years imprisonment for the tampering with evidence count; three years imprisonment for the failure to stop at an accident count, and a fine of $150.00 for the traffic violation. The three year terms of imprisonment were ordered to be served consecutively, but concurrent with the six month jail sentence for a total term of imprisonment of 72 months.  Appellant was further ordered to pay costs and restitution.

{¶4}  Appellant appeals, assigning as error:

{¶5}  "I. THE TRIAL COURT COMMITTED ERROR WHEN IT ABUSED ITS DISCRETION AND SENTENCED APPELLANT TO THE MAXIMUM TERM PERMITTED BY LAW.

---

[1] A rendition of the underlying facts is unnecessary for the resolution of this appeal.

{¶6}   "II. THE TRIAL COURT COMMITTED ERROR WHEN IT ABUSED ITS DISCRETION AND ORDERED CONSECUTIVE SENTENCES ABSENT A FINDING THAT CONSECUTIVE SENTENCES WERE NOT DISPROPORTIONATE TO THE SERIOUSNESS OF APPELLANT'S CONDUCT."

I

{¶7}   In the first assigned error, Appellant maintains the trial court erred in sentencing him to the maximum term provided by law.

{¶8}   In *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, the Ohio Supreme Court reviewed its decision in *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470, as it relates to appellate review of felony sentencing. The Court stated, "an appellate court remains precluded from using an abuse-of-discretion standard of review when initially reviewing a defendant's sentence" and must instead "ensure that the trial court has adhered to all applicable rules and statutes in imposing the sentence. As a purely legal question, this is subject to review only to determine whether it is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G)." *Id.*

{¶9}   When reviewing a felony sentence, an appellate court must first review the sentence to ensure the sentencing court clearly and convincingly complied with the applicable laws. *Id.* A trial court's sentence would be contrary to law if, for example, it were outside the statutory range, in contravention to a statute, or decided pursuant to an unconstitutional statute. *Id.* In *Kalish,* the Supreme Court held the trial court's decision was not contrary to law when the trial court expressly stated it considered the purposes and principles of R.C. 2929.11, the factors listed in R.C. 2929.12, properly

applied post-release control, and the sentence was within the permissible range. *Kalish* at ¶ 18.

{¶10} If this inquiry is satisfied, an appellate court then reviews the trial court's sentencing decision for abuse of discretion. *Id.* In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶11} Here, Appellant's sentence is within the statutory range for felonies of the third degree. We find the trial court did not abuse its discretion in sentencing Appellant to the maximum prison term based upon his criminal history and the facts demonstrated in the record as set forth in the transcript of the sentencing hearing.

{¶12} The first assignment of error is overruled.

II.

{¶13} In the second assignment of error, Appellant asserts the trial court erred in sentencing him to consecutive sentences.

{¶14} The Ohio Supreme Court recently addressed the requirements for a trial court to impose consecutive sentences in *State v. Bonnell*, 2014 Ohio 3177, holding,

{¶15} "When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing, and by doing so it affords notice to the offender and to defense counsel. *See* Crim.R. 32(A)(4). And because a court speaks through its journal, *State v. Brooke,* 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 47, the court should also incorporate its statutory findings into the sentencing entry. However, a word-for-word recitation of the language of the statute is

not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.

{¶16} "****

{¶17} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." *Bonnell*, supra at ¶29-37.

{¶18} The Court stated in *Bonnell,*

{¶19} "In this case, the trial court had obviously reviewed the presentence-investigation report and knew of Bonnell's criminal record, because it described his record as atrocious and stated that he had shown very little respect for society. But the court did not completely adhere to R.C. 2929.14(C)(4).

{¶20} "We can discern from the trial court's statement that Bonnell had 'shown very little respect for society and the rules of society' that it found a need to protect the public from future crime or to punish Bonnell. We also can conclude that the court found that Bonnell's 'atrocious' record related to a history of criminal conduct that demonstrated the need for consecutive sentences to protect the public from future crime. But it never addressed the proportionality of consecutive sentences to the seriousness of Bonnell's conduct and the danger he posed to the public, which in this

case involved an aggregate sentence of 8 years and 5 months in prison for taking $117 in change from vending machines." *Bonnell* at ¶32-33.

{¶21} In the case sub judice, the record of the September 4, 2013 Sentencing Hearing indicates the trial court stated,

{¶22} "The Court turns now to the duty of pronouncing the sentence of incarceration. Here, the Court finds for Count 1, aggravated vehicular homicide, which is a misdemeanor of the first degree, 180 days in jail. The Court finds for Count 3, tampering with evidence, a felony of the third degree, on the facts of this case that a sentence of 36 months of imprisonment is appropriate.

{¶23} "The Court finds as to the failing to stop after an accident, the sentence should be 36 months of imprisonment, the Court finds that under Ohio law, these sentences should be served consecutively, as the Court finds the harm is so great or unusual, a death, that a single term does not adequately reflect the seriousness of the conduct. And the criminal history of Thomas Nugent shows that consecutive terms are needed to protect the public. If released on the facts of this case, the public would face the very real possibility he simply would drink and drive again to cause harm, damage to others. It is the duty of the Court to punish the offender and protect the public from future crime.

{¶24} "The Court finds that I'm not unmindful of the argument made by the attorney for the defendant that a consecutive sentence of 72 months must be compared with other sentences. The other crimes to which the other individuals the attorney for the defendant referred to, they were not the ultimate actor. Here, Mr. Nugent is the ultimate actor. The Court further finds that no sentence, no matter how long or how

severe, can return the life, the young man whose life has been taken, the other young man who has received serious physical harm. It's the Court's duty, however, to protect the public from future crime. The court finds against the 72 month sentence that is imposed, and the sentence as to assured clear distance is $150 fine."

**{¶25}** Tr. at 69-70.

**{¶26}** We find the trial court's statement is sufficient under *Bonnell,* supra*,* to support its imposition of conviction sentences.

**{¶27}** The second assignment of error is overruled.

**{¶28}** Appellant's sentence in the Guernsey County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J. and

Wise, J. concur