[Cite as *State v. Bailey*, 2014-Ohio-5129.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 14-COA-008 |
| | : | |
| BOBBY A. BAILEY | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:       Appeal from the Ashland County Court
                               of Common Pleas, Case No. 13-CRI-
                               113


JUDGMENT:                      AFFIRMED


DATE OF JUDGMENT ENTRY:        November 17, 2014


APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

CHRISTOPHER R. TUNNELL                 ERIN N. POPLAR
ASHLAND CO. PROSECUTOR                 DANIEL D. MASON
PAUL T. LANGE                          POPLAR & MASON, LLC
110 Cottage St., 3rd Floor             103 Milan Ave., Suite 6
Ashland, OH 44805                      Amherst, OH 44001

*Delaney, J.*

{¶1}   Defendant-appellant Bobby A. Bailey appeals from the February 26, 2014 Judgment Entry--Sentencing of the Ashland County Court of Common Pleas.  Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2}   A statement of the facts underlying appellant's criminal convictions is not relevant to our resolution of this appeal.  This case arose when appellant, sometimes in league with others, stole a number of items from at least three victims to facilitate his heroin habit.  On several occasions he entered into homes or a garage to steal the items or assisted others in doing so.

{¶3}   Appellant was charged by indictment with nine criminal offenses as follows:  Count I, complicity to burglary [R.C. 2923.03(A)(2)/R.C. 2911.12(A)(2), a felony of the second degree]; Count II, complicity to theft from an elderly person [R.C. 2923.03(A)(2)/R.C. 2913.02(A)(1), a felony of the fifth degree]; Count III, complicity to theft [R.C. 2923.03(A)(2)/R.C. 2913.02(A)(1), a felony of the fifth degree]; Count IV, complicity to burglary [R.C. 2923.03(A)(2)/R.C. 2911.12(A)(3), a felony of the third degree]; Count V, complicity to petty theft [R.C. 2923.03(A)(2)/R.C. 2913.02(A)(1), a misdemeanor of the first degree]; Count VI, possession criminal tools [R.C. 2923.24(A), a felony of the fifth degree]; Count VII, tampering with evidence [R.C. 2921.12(A)(1), a felony of the third degree]; Count VIII, breaking and entering [R.C. 2911.13(A), a felony of the fifth degree]; and Count IX, petty theft [R.C. 2913.02(A)(1), a misdemeanor of the first degree].

{¶4}   Appellant and appellee entered into a negotiated plea agreement.   On December 10, 2013, appellant appeared before the trial court, withdrew his pleas of not guilty, and entered pleas of guilty to Count I, complicity to burglary, a felony of the third degree (amended by appellee from a second-degree felony); Count II, complicity to theft from an elderly person; Count IV, complicity to burglary; Count V, complicity to petty theft; Count VII, tampering with evidence; and Count VIII, breaking and entering. The trial court advised appellant of the possible range of sentences for each offense. Appellee dismissed Counts III, VI, and IX.

*The P.S.I.*

{¶5}   Appellant submitted to a presentence investigation (P.S.I.) which is in the record on appeal.   Appellant self-reported a history of substance abuse including, e.g., crack cocaine through 2009.   He stated he was under the influence of heroin during the offenses in the instant case and admitted to using as much as two to two-and-a-half grams per week.   He has been in treatment previously for heroin addiction which was unsuccessful.   Appellant also sought suboxone therapy which was unsuccessful. Upon his arrest on the charges sub judice, Appellant acknowledged hiding a syringe near one of his truck tires.

{¶6}   The P.S.I. notes the following seriousness factors pursuant to R.C. 2929.12(B): the injury to the victim was worsened by the physical or mental condition or age of the victim because one of the victims was an elderly adult; and, the offender's relationship with the victim facilitated the offense because at least one of the victims was a cousin of appellant's girlfriend.

{¶7}   None of the "less serious" factors pursuant to R.C. 2929.12(C) are noted.

{¶8} The P.S.I. notes the following factors indicating recidivism is likely pursuant to R.C. 2929.12(D): the offender's history of criminal convictions including receiving stolen property, open container, and unauthorized use of property; and appellant's demonstrated pattern of drug use related to the offenses, including his refusal to acknowledge substance abuse issues and to seek and comply with treatment.

{¶9} One factor indicates recidivism is unlikely pursuant to R.C. 2929.12(E): appellant was not adjudicated a delinquent child and has no known juvenile record.

*Sentencing*

{¶10} On February 21, 2014, appellant appeared before the trial court for sentencing. The court imposed an aggregate prison term of 48 months, which is the total of three twelve-month consecutive terms and two six-month consecutive terms. An additional 90-day term is ordered to be served concurrently. The trial court stated the following regarding consecutive sentences:

* * * *.

THE COURT: * * * *.

Based on your criminal history and your self-reporting of ongoing criminal activity and the Court's belief that you pose a poor risk of rehabilitation * * *, I am finding that consecutive service of these sentencings are necessary to protect the public from future crime, and I am further finding that consecutive sentencings of these (inaudible) and the time that the Court is imposing on each specific count are not disproportionate to the seriousness of your conduct and the danger you pose to the public, and I am further

finding that your history of criminal conduct convicted or self-reported demonstrates that consecutive Sentencings are necessary to protect the public from future crime.

* * * *.

T. (Sent.) 22.

{¶11} Appellant now appeals from the February 26, 2014 Judgment Entry--Sentencing.

{¶12} Appellant raises four assignments of error:

**ASSIGNMENTS OF ERROR**

{¶13} "I. THE TRIAL COURT ERRED WHEN IT IMPOSED CONSECUTIVE SENTENCES SUCH THAT THE AGGREGATE SENTENCE EXCEEDED THE MAXIMUM PRISON TERM ALLOWED BY OHIO REVISED CODE 2929.14(A) FOR THE MOST SERIOUS OFFENSE OF WHICH THE APPELLANT WAS CONVICTED, 36 MONTHS."

{¶14} "II. THE COURT ERRED IN ORDERING A PRISON SENTENCE RATHER THAN COMMUNITY CONTROL AND CONSECUTIVE RATHER THAN CONCURRENT PRISON SENTENCES FOR A FIRST-TIME FELONY EXPRESSLY BASED UPON IMPROPER STATEMENTS BY THE PROSECUTING ATTORNEY."

{¶15} "III. IN THE ALTERNATIVE, APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION BECAUSE HIS COUNSEL DID NOT

OBJECT TO THE PROSECUTING ATTORNEY'S IMPROPER REMARKS AT SENTENCING."

{¶16} "IV.   THE COURT ERRED IN ORDERING CONSECUTIVE PRISON SENTENCES AS THE IMPOSITION OF SUCH SENTENCES PLACES AN UNNECESSARY BURDEN ON STATE RESOURCES."

**ANALYSIS**

I., II., IV.

{¶17} Appellant's first, second, and fourth assignments of error are related and will be considered together. Appellant argues the trial court erred in imposing consecutive sentences.  We disagree.

*The Standard of Review*

{¶18} In *State v. Kalish*, 120 Ohio St.3d 23, 896 N.E.2d 124, 2008–Ohio–4912, the Ohio Supreme Court established a two-step procedure for reviewing a felony sentence. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If the first step is satisfied, the second step requires the trial court's decision be reviewed under an abuse-of-discretion standard. Id.

{¶19} We acknowledge this district still relies upon *Kalish*'s two-step standard of review.[1]  We recognize this approach has been followed by some districts[2] and rejected

---

[1] See, e.g., *State v. Nugent*, 5th Dist. Guernsey No. 13 CA 40, 2014-Ohio-3848; *State v. Salim*, 5th Dist. Delaware No. 14 CAA 01 0005, 2014-Ohio-3602; *State v. Shuster*, 5th Dist. Morgan Nos. 13AP0001, 13AP0002, 2014-Ohio-3486, *State v. Picard*, 5th Dist. Richland No. 13-CA-95, 2014-Ohio-2924.

by others.[3] *Kalish* is a plurality opinion and thus of "questionable precedential value." *State v. Venes,* 2013–Ohio–1891, 992 N.E.2d 453, ¶ 9 (8th Dist.), citing *Kraly v. Vannewkirk,* 69 Ohio St.3d 627, 633, 635 N.E.2d 323 (1994). Nevertheless, its two-step analysis has provided appellate courts with a meaningful framework for evaluating felony sentences, permitting us to honor the sentencing discretion of trial courts while ensuring those sentences comply with applicable statutes. The appellate courts which now reject the *Kalish* two-step standard of review find only R.C. 2953.08(G)(2) is applicable and the abuse-of-discretion standard of review is no longer allowed.

{¶20} R.C. 2953.08(G)(2) provides two grounds for an appellate court to overturn the imposition of consecutive sentences: (1) the sentence is "otherwise contrary to law"; or (2) the appellate court, upon its review, clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4).

{¶21} The presumption in Ohio is that sentencing is to run concurrent, unless the trial court makes the required findings for imposing consecutive sentence set forth in R.C. 2929.14(C)(4). See, R.C. 2929.41(A).

{¶22} O.R.C. 2929.14(C) states:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender

---

[2] See, e.g., *State v. Hill*, 7th Dist. Mahoning No. 13 MA 1, 2014-Ohio-919, infra; *State v. Nguyen*, 4th Dist. Athens No. 12 CA 14, 2013-Ohio-3170; *State v. Clayton*, 9th Dist. Summit No. 26910, 2014-Ohio-2165.

[3] See, e.g., *State v. White*, 1st Dist. Hamilton No. C-130114, 2013-Ohio-4225, 997 N.E.2d 629; *State v. Rodefer*, 2nd Dist. Montgomery Nos. 25574, 25575, 25576, 2013-Ohio-5759, 5 N.E.2d 1069; *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, 992 N.E.2d 453.

to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Section 2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) The harm caused by the multiple offenses was so great or unusual that no single prison terms for any of the offenses committed as part of a single course of conduct adequately reflects' the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶23} 2011 Am.Sub.H.B. No. 86, which became effective on September 30, 2011, revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4). The revisions to the felony sentencing statutes now require a trial court to make specific findings when imposing consecutive sentences.

{¶24} The Ohio Supreme Court recently addressed the requirements for imposing consecutive sentences in a comprehensive fashion, finding a trial court must

make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry; the trial court has no obligation to state reasons to support its findings. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. The Court further explained "a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." Id. at ¶ 29.

*The Record Supports Consecutive Sentences*

{¶25} Appellant argues his consecutive sentences are contrary to law because the total aggregate sentence exceeds the maximum term allowable for appellant's most serious offense. A trial court has discretion to impose any sentence within the statutory range. *State v. Mathis*, 109 Ohio St.3d 54, 2006–Ohio–855, 846 N.E.2d 1. The sentence imposed here is within the range permitted by law for the second and fifth degree-felonies upon which Appellant was convicted and in fact, are in the low end of the range.

{¶26} Appellant further argues the trial court based the sentence upon improper statements by the prosecutor, including amendment of the count representing the offense against the elderly victim. Appellant also takes issue with the emphasis the trial court placed on his drug abuse and voluntary admissions contained within the P.S.I., but such information is solidly relevant to the sentencing analysis. Evidence of other crimes, including crimes that never result in criminal charges being pursued, or criminal charges that are dismissed as a result of a plea bargain, may be considered at

sentencing. *State v. Starkey*, 7th Dist. Mahoning No. 06 MA 110, 2007-Ohio-6702, ¶ 17, citing *State v. Cooey*, 46 Ohio St.3d 20, 35, 544 N.E.2d 895 (1989). Furthermore, what the defendant is originally charged with and whether the charge is reduced in exchange for a plea is relevant to the court in determining the appropriate sentence. *State v. Hill,* 7 th Dist. Mahoning No. 13 MA 1, 2014-Ohio-919, ¶ 35. Our review of a felony sentence includes: (1) the P.S.I.; (2) the trial court record; and (3) any oral or written statements made to or by the court at the sentencing hearing. R.C. 2953.08(F). Allegations against an offender which never resulted in criminal charges may be contained within a P.S.I. *Cooey*, 46 Ohio St.3d at 35. This information is part of a defendant's social history and worthy of consideration by the courts during the sentencing phase. Id.

{¶27} Appellant also argues his consecutive sentences place an unnecessary burden on state resources. R.C. 2929.11(A) provides:

> A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶28} As we noted in *State v. Ferenbaugh*, 5th Dist. Ashland No. 03COA038, 2004–Ohio–977 at ¶ 7, "[t]he very language of the cited statute grants trial courts discretion to impose sentences. Nowhere within the statute is there any guideline for what an 'unnecessary burden' is." Moreover, in *State v. Shull*, 5th Dist. Ashland No.2008–COA036, 2009–Ohio–3105, we reviewed a similar claim and found that, although burdens on state resources may be a relevant sentencing criteria, state law does not require trial courts to elevate resource conservation above seriousness and recidivism factors. *Shull*, at ¶ 22, citing *State v. Ober*, 2nd Dist. No. 97CA0019, 1997 WL 624811 (October 10, 1997).

{¶29} Appellant victimized multiple people, including an elderly woman and his girlfriend's cousin, stealing from them to fuel what was estimated to be a $300-per-week heroin habit. Appellant is demonstrably unwilling to treat this habit in a meaningful way. Nothing in the record indicates appellant would not be willing to victimize others to feed this habit in the future. Appellant has not demonstrated that a prison term in the instant case is an unnecessary burden on state and local resources.

{¶30} In this case, the trial court noted factors it considered at sentencing, and specifically stated that it considered the purposes and principles of sentencing under R.C. 2929.11, as well as the sentencing factors in R.C. 2929.12. The transcript of the sentencing hearing and judgment entry clearly indicate that the trial court engaged in the appropriate analysis and made the required findings under R.C. 2929.14(C)(4). Rather than establishing error, the record supports the trial court's findings for imposing consecutive sentences. Appellant's first, second, and fourth assignments of error are therefore overruled.

III.

{¶31} In his third assignment of error, appellant argues he received ineffective assistance of counsel because counsel failed to object to the allegedly improper statements of the prosecutor at sentencing. We disagree.

{¶32} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See*, *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158 (1955). "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶33} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

{¶34} The objectionable statements at sentencing identified by appellant include that appellant already received his "break," so to speak, because appellee amended the second-degree felony to a third-degree felony. Appellant cites no authority supporting

his argument this is an improper statement; as discussed supra, the trial court may consider reduced charges in sentencing. Appellant also points to the prosecutor's generalization that appellant committed other uncharged crimes but this information was contained within the P.S.I. which the trial court was required to consider. Finally, the prosecutor characterized the elderly victim as a nice person and lifelong community resident; again, appellant offers no authority supporting his conclusion this statement was improper and this information, too, could be gained from the P.S.I. which indicates appellant took advantage of the victim's kindness to him.

{¶35} We find, in short, appellant has failed to demonstrate any error by defense trial counsel in failing to object to any of the above statements, much less that the outcome of the proceeding have been different but for counsel's failure to object.

{¶36} Appellant's third assignment of error is overruled.

**CONCLUSION**

{¶37} Appellant's four assignments of error are overruled and the judgment of the Ashland County Court of Common Pleas is affirmed.

By:  Delaney, J. and

Gwin, P.J.

Baldwin, J., concur.