[Cite as *State v. Adams*, 2014-Ohio-5132.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. CT2014-0022 |
| | : | |
| ROSCOE R. ADAMS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Muskingum County
                                  Court of Common Pleas, Case No.
                                  CR2013-0250


JUDGMENT:                         AFFIRMED


DATE OF JUDGMENT ENTRY:           November 17, 2014


APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

D. MICHAEL HADDOX                          JOHN D. WEAVER
MUSKINGUM CO. PROSECUTOR                   542 S. Drexel Ave.
RON WELCH                                  Bexley, OH 43209
27 North Fifth Street
Zanesville, OH 43701

*Delaney, J.*

{¶1} Appellant Roscoe R. Adams appeals from the April 2, 2014 Sentencing Entry of the Muskingum County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} The following facts are adduced from appellee's statement at appellant's change-of-plea hearing. On August 30, 2013 Zanesville police responded to an address upon a report of shots fired. Upon investigation, they discovered Corey Fisher had come to the address to sell heroin. Appellant and several co-defendants hatched a plan to rob Fisher of his drugs. When Fisher arrived, he was robbed at gunpoint by appellant. A shot was fired into the floor. Two shots were fired "in the direction" of Fisher but struck a bystander.

{¶3} Appellant and co-defendants were charged by indictment as follows: Count I, aggravated robbery with a firearm specification [R.C. 2911.01(A)(1), a felony of the first degree]; Count II, theft of drugs with a firearm specification [R.C. 2913.02(A)(1), a felony of the fourth degree]; and Counts III through VI, each felonious assault with firearm specifications [R.C. 2903.11(A)(2), felonies of the second degree].

{¶4} On February 10, 2014, appellant came before the trial court and withdrew his previous pleas of not guilty, entering pleas of guilty to Counts I and VI, aggravated robbery with a firearm specification and felonious assault with a firearm specification. Appellee agreed to dismiss the remaining counts at sentencing and appellant requested a presentence investigation (P.S.I.).

{¶5} On March 27, 2014, appellant filed a Sentencing Memorandum presenting the following salient facts, among others: he has a prior conviction for a "misdemeanor

fist fight scenario;" he has a pending misdemeanor charge in another county for violation of a protection order; the instant case involves the robbery of a drug dealer; a co-defendant provided appellant with a firearm which he "took pains to fire [ ] into the floor, and did not actively try to shoot the victims, but instead used the gun to scare them away;" and appellant has had "some drug involvement."  Appellant has a diagnosis of irritability, depression, anxiety, and attention deficit disorder.

{¶6}  On March 31, 2014, the parties returned for sentencing.  The trial court questioned appellant about discrepancies between his version of events and information contained in the P.S.I., noting appellant portrayed himself as the "hero" in the incident who attempted to keep things from spiraling out of control, but the investigation revealed the following:

> * * * *.
>
> THE COURT:  Okay.  Mr. Fisher indicated that [co-defendant] began pacing back and forth once they were in the house.  That's when the room became quiet, [appellant] stood up, grabbed a gun behind his low back and shot once at the floor and once at the wall, and then pointed the gun to Mr. Fisher and Mr. Curtis.  [Appellant] advised Mr. Fisher and Curtis to empty out their wallets.  Mr. Fisher indicated they did some of that.
>
> After the money was obtained, [appellant] told Fisher and Curtis to get out.  They ran to the vehicle that was waiting in the driveway with two other persons waiting.  After getting into the vehicle, the victims saw the owner of the residence standing on the

back lawn with a machete.  [Appellant] came back around the house and shot off a couple more rounds while Curtis and Fisher's vehicle was trying to back out of the driveway.

They were unable to get out of the driveway because a school bus had stopped letting off children.  Eight juveniles were on the bus at the time the incident took place.  A witness waiting by the school bus stated [appellant] came from the house and fired a shot at the leaving vehicles—or the leaving vehicle.  That's the official version.

[APPELLANT:]  Allegedly.

THE COURT:  No, no, no, it's not the alleged version.  That is the official version.  Your version is different, right?

[APPELLANT:]  Yes, sir.

* * * *.

T. (II), 10-11.

{¶7}  The trial court goes on to note appellant denied handling the firearm, claiming he only took it away from a co-defendant, and "took the blame" for the incident because an accomplice told him he could not get in trouble for robbing a drug dealer. Appellant admitted to an extensive history of illicit drug use, including a $1,000-2,000-per-week habit of snorting Percocet which transitioned into heroin abuse.

{¶8}  Noting the sentence was based upon the facts and circumstances of the case coupled with appellant's genuine lack of remorse, the trial court sentenced appellant to an aggregate prison term of twelve years: nine years on Count I with a

mandatory consecutive three-year term on the firearm specification, concurrent with six years on Count VI.

{¶9}   Appellant now appeals from the trial court's April 2, 2014 judgment entry of conviction and sentence.

{¶10} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶11} "I. APPELLANT'S SENTENCE WAS CONTRARY TO LAW."

{¶12} "II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN SENTENCING APPELLANT."

**ANALYSIS**

I., II.

{¶13} Appellant argues his sentence is contrary to law and constitutes an abuse of discretion.  We disagree.

*The Standard of Review*

{¶14} In *State v. Kalish*, 120 Ohio St.3d 23, 896 N.E.2d 124, 2008–Ohio–4912, the Ohio Supreme Court established a two-step procedure for reviewing a felony sentence. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If the first step is satisfied, the second step requires the trial court's decision be reviewed under an abuse-of-discretion standard. Id. We have recognized that "[w]here the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by

imposing that sentence without a suitable explanation." *State v. Firouzmandi*, 5th Dist. Licking No.2006–CA–41, 2006–Ohio–5823, ¶ 52.

{¶15} We acknowledge this district still relies upon *Kalish*'s two-step standard of review.[1] We recognize this approach has been followed by some districts[2] and rejected by others.[3] *Kalish* is a plurality opinion and thus of "questionable precedential value." *State v. Venes,* 2013–Ohio–1891, 992 N.E.2d 453, ¶ 9 (8th Dist.), citing *Kraly v. Vannewkirk,* 69 Ohio St.3d 627, 633, 635 N.E.2d 323 (1994). Nevertheless, its two-step analysis has provided appellate courts with a meaningful framework for evaluating felony sentences, permitting us to honor the sentencing discretion of trial courts while ensuring those sentences comply with applicable statutes. The appellate courts which now reject the *Kalish* two-step standard of review hold that only R.C. 2953.08(G)(2) is applicable and the abuse-of-discretion standard of review is no longer allowed.

{¶16} R.C. 2953.08(G)(2) provides two grounds for an appellate court to overturn the imposition of a sentence: (1) the sentence is "otherwise contrary to law"; or (2) the appellate court, upon its review, clearly and convincingly finds that "the record does not support the sentencing court's findings * * * ".

---

[1] See, e.g., *State v. Nugent*, 5th Dist. Guernsey No. 13 CA 40, 2014-Ohio-3848; *State v. Salim*, 5th Dist. Delaware No. 14 CAA 01 0005, 2014-Ohio-3602; *State v. Shuster*, 5th Dist. Morgan Nos. 13AP0001, 13AP0002, 2014-Ohio-3486, *State v. Picard*, 5th Dist. Richland No. 13-CA-95, 2014-Ohio-2924.

[2] See, e.g., *State v. Hill*, 7th Dist. Mahoning No. 13 MA 1, 2014-Ohio-919, infra; *State v. Nguyen*, 4th Dist. Athens No. 12 CA 14, 2013-Ohio-3170; *State v. Clayton*, 9th Dist. Summit No. 26910, 2014-Ohio-2165.

[3] See, e.g., *State v. White*, 1st Dist. Hamilton No. C-130114, 2013-Ohio-4225, 997 N.E.2d 629; *State v. Rodefer*, 2nd Dist. Montgomery Nos. 25574, 25575, 25576, 2013-Ohio-5759, 5 N.E.2d 1069; *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, 992 N.E.2d 453.

{¶17} Appellant frames both his assignments of error under both the statutory standard and the *Kalish* framework.

*Appellant's Sentence is Not Contrary to Law*

{¶18} In the instant case, appellant is a first-time felony offender and he argues his sentence is contrary to law because it does not comply with the overriding purposes of felony sentencing, to wit, "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources."  R.C. 2929.11(A).  Appellant asserts he should have received a minimum sentence of 6 years instead.

{¶19} Appellant entered pleas of guilty to one count of aggravated robbery with a firearm specification, a felony of the first degree, and one count of felonious assault with a firearm specification, a felony of the second degree.  The firearm specifications merge for sentencing purposes and require a mandatory three-year term.  Appellant's sentence on the aggravated robbery is nine years, concurrent with six on the felonious assault.  Nine years is neither the minimum nor the maximum sentence for a felony of the first degree and is within the statutory range.  R.C. 2929.14(A)(1).  The trial court stated the sentence is based upon the P.S.I., "many, many" letters to the court on appellant's behalf, and the sentencing memorandum.

{¶20} The trial court also noted the facts and circumstances of the case, in addition to appellant's lack of remorse: "Mr. Adams, I find you to be a very dangerous young man.  You're robbing people.  You know why you're there.  There's weapons

involved (*sic*). It's discharged. It's discharged outside toward a school bus that had kids in it. Very dangerous situation." T. 17.

{¶21} The language of R.C. 2929.11(A) does not require a trial court to sentence a defendant to a minimum sentence, especially under the circumstances here. We find appellant's sentence is not contrary to law.

*Appellant's Sentence is Not an Abuse of Discretion*

{¶22} Appellant argues his sentence is an abuse of discretion because his conduct is less serious than conduct normally constituting the offense and he is not likely to re-offend pursuant to the factors enumerated in R.C. 2929.12. We disagree.

{¶23} R.C. 2929.12(D)(4) and R.C. 2929.12(D)(5) cite an offender's pattern of drug use related to an offense and genuine lack of remorse as factors indicating likeliness to reoffend. The trial court was in the best position to determine whether appellant was genuine in his expression of remorse; it is apparent from the record the trial court considered appellant's disingenuous minimizing of his role to indicate a lack of responsibility and remorse. By his own admission, appellant is an admitted drug addict with a costly habit who did not hesitate when his accomplice handed him a firearm. Appellant fired that firearm once, purportedly on "accident," yet persisted, bringing the firearm outside and firing it in the direction of the fleeing victims, despite the presence of a school bus and its passengers.

{¶24} The trial court cited all of these factors in its sentencing decision. We find the trial court engaged in the correct analysis and the record contains evidence to support the findings made by the trial court and was not an abuse of discretion.

{¶25} Appellant's first and second assignments of error are overruled.

**CONCLUSION**

{¶26} Appellant's two assignments of error are overruled and the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, J. and

Hoffman, P.J.

Farmer, J., concur.