[Cite as *State v. Manon*, 2020-Ohio-1003.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 19-CA-55 |
| | : | |
| RAMON A. MACEO MANON | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County Court of
Common Pleas, Case No. 18CR00699


JUDGMENT:                    AFFIRMED


DATE OF JUDGMENT ENTRY:      March 13, 2020


APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

CLIFFORD MURPHY                            MICHAEL S. PROBST
Asst. Licking Co. Prosecutor               1207 Grandview Ave., Suite 205
20 North Second St., 4th Floor             Grandview, OH 43212
Newark, OH 43055

*Delaney, J.*

{¶1} Appellant Ramon A. Maceo Manon appeals from the June 6, 2019 Judgment of Sentence of the Licking County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} The following facts are adduced from appellee's bill of particulars filed November 2, 2018.

{¶3} On April 21, 2018, the Ohio State Highway Patrol responded to a traffic crash on State Route 37 north of Mile Post 11 in Licking County, Ohio. Appellant was operating a 2017 Honda Accord traveling southbound on S.R. 37 south of Alexandria. As the Honda proceeded southbound, appellant attempted to pass a concrete truck which was also southbound on S.R. 37. At the same time, a Chevrolet Uplander was traveling northbound on S.R. 37.

{¶4} The Honda attempted to overtake and pass the concrete truck, which had a dashcam video system installed in the interior of the cab. The video shows the Honda as it passes in front of the truck, and records the impact between the Honda and the Uplander. After impact, the Honda rotates and is struck again by the concrete truck. As a result of the impact, all parties were transported from the scene to area hospitals. The airbag module of the Honda established the Honda reached a speed of 81 miles per hour prior to impact. The posted speed limit in the area is 55 miles per hour.

{¶5} David Doyle, driver of the concrete truck, had to be mechanically extracted from the truck and life-flighted to Grant Hospital; he sustained serious physical harm.

Laurine Anderson, passenger in the Uplander, also sustained serious physical harm as a result of the head-on collision.

{¶6}   Appellant operated a motor vehicle under the influence of alcohol and/or with a per-se violation of alcohol, to wit, 1.82 grams by weight of alcohol per one hundred milliliters (gram per cent) of whole blood, pursuant to a search warrant for his blood. Police noted a strong odor of alcohol, slurred speech, glassy and bloodshot eyes, poor coordination and lack of awareness, and six out of six clues on the H.G.N. field-sobriety test.

{¶7}   Appellant was charged by indictment with two counts of aggravated vehicular assault pursuant to R.C. 2903.08(A)(1)(a), both felonies of the third degree, and one count of O.V.I. pursuant to R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree.

{¶8}   Appellant entered pleas of not guilty and filed a motion to suppress the blood test results, his statements, the search of his vehicle, and the observations and opinions of police investigators including the results of standardized field sobriety tests. Appellee responded with a memorandum in opposition, and appellant filed a supplemental motion to suppress on February 19, 2019.

{¶9}   On April 10, 2019, a Notice of Intent to Enter a Plea of No Contest was filed. On April 11, 2019, appellee filed a motion to amend Counts I and II from aggravated vehicular assault pursuant to R.C. 2903.08(A)(1)(a) to aggravated vehicular assault pursuant to R.C. 2903.08(A)(2)(b) [felonies of the fourth degree], and to dismiss Count III, O.V.I.  Appellee stated the amendments and dismissal are due to the inability to obtain a chain of custody documentation from the hospital that collected blood vials from appellant.  The trial court granted appellee's motion.

{¶10} On April 11, 2019, appellant appeared before the trial court to enter pleas of no contest to Counts I and II as amended. The trial court deferred sentencing pending completion of a pre-sentence investigation (P.S.I.).

{¶11} The sentencing hearing commenced on June 6, 2019. The trial court imposed prison terms of twelve months each upon Counts I and II, to be served consecutively.

{¶12} Appellant now appeals from the trial court's Judgment of Sentence of June 6, 2019.

{¶13} Appellant raises five assignments of error:

**ASSIGNMENTS OF ERROR**

{¶14} "I. MR. MACEO MANON'S PRISON SENTENCES FOR THE FOURTH DEGREE FELONY OFFENSES OF VEHICULAR ASSAULT ARE CONTRARY TO THE LAW AS THE TRIAL COURT DID NOT INQUIRE OF THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTION REGARDING PROGRAMS THAT MAY BE AVAILABLE TO MR. MACEO MANON PRIOR TO IMPOSING A PRISON SENTENCE AS REQUIRED BY R.C. 2929.13(B)(1)(C)."

{¶15} "II. MR. MACEO MANON'S PRISON SENTENCES FOR THE FOURTH DEGREE FELONY OFFENSES OF VEHICULAR ASSAULT ARE CONTRARY TO THE LAW AS THE TRIAL COURT TRANSCENDED ITS DISCRETION WHEN IT STATED ON THE RECORD THAT ITS SENTENCE WAS BASED IN WHOLE OR IN PART ON ITS CONCLUSION THAT MR. MACEO MANON WAS GUILTY OF A HIGHER, DISMISSED CHARGE AND FOR CONSIDERING SUCH EVIDENCE WHEN IMPOSING A PRISON SENTENCE."

{¶16} "III.  MR. MACEO MANON'S CONSECUTIVE PRISON SENTENCES FOR THE FOURTH DEGREE FELONY OFFENSES OF VEHICULAR ASSAULT ARE CONTRARY TO THE LAW AS THE TRIAL COURT FAILED TO MAKE THE REQUISITE FINDINGS UNDER R.C. 2929.14(C)(4) AT THE SENTENCING HEARING."

{¶17} "IV.  TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE IMPOSITION OF A SENTENCE THAT WAS CONTRARY TO LAW."

{¶18} "V.  MR. MACEO MANON'S PRISON SENTENCES FOR THE FOURTH DEGREE FELONY OFFENSES OF VEHICULAR ASSAULT [ARE] CONTRARY TO THE LAW WHERE THE COURT FOUND THAT IT HAD DISCRETION TO IMPOSE A PRISON SENTENCE UNDER OHIO REVISED CODE SECTION 2929.13(B)(1)(B)(II)."

**ANALYSIS**

I., II., III., and V.

{¶19} Appellant's first, second, and fifth assignments of error are related and will be considered together.  Appellant argues the imposition of consecutive prison terms upon his convictions of two felonies of the fourth degree is in error pursuant to R.C. 2929.13.  We disagree.

{¶20} We review the imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. An appellate court may modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C.

2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶ 36. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, 54 N.E.3d 1217 ¶ 1.

{¶21} Appellant cites the following language in [former] R.C. 2929.13(B)(1)(c) as support for his argument that the trial court was required to impose a term of community control instead of prison:

> If a court that is sentencing an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense believes that no community control sanctions are available for its use that, if imposed on the offender, will adequately fulfill the overriding principles and purposes of sentencing, the court shall contact the department of rehabilitation and correction and ask the department to provide the court with the names of, contact information for, and program details of one or more community control sanctions that are available for persons sentenced by the court. Not later than forty-five days after receipt of a request from a court under this division, the department shall provide the court with the names of, contact information for, and program details of one or more community

control sanctions that are available for persons sentenced by the court, if any. Upon making a request under this division that relates to a particular offender, a court shall defer sentencing of that offender until it receives from the department the names of, contact information for, and program details of one or more community control sanctions that are available for persons sentenced by the court or for forty-five days, whichever is the earlier.

{¶22} As appellee points out, however, pursuant to R.C. 2929.13(B)(1)(b)(ii), the trial court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence if the offender caused physical harm to another person while committing the offense. In the instant case, appellant caused serious physical harm to two victims and physical harm to additional victims in the crash. Appellant argues, without citation, that the trial court did retain discretion to impose a prison term where the defendant caused physical harm, but "the trial court must contact ODRC and request information concerning available community control programs." Brief, 4. We find no such requirement in the plain language of the statute.

{¶23} The presumption of a community-control sanction is subject to the exceptions listed in R.C. 2929.13(B)(1)(b). The exception that the trial court found applicable in this case, R.C. 2929.13(B)(1)(b)(ii), permits a court, in its discretion, to impose a term of imprisonment for a nonviolent fourth-degree felony after finding that "the offender caused physical harm to the victim *while committing the offense.*" (Emphasis added.) *State v. Jones*, 1st Dist. Hamilton No. C-140299, 2015-Ohio-1189, ¶ 10, citing

*State v. Barnes,* 11th Dist. Trumbull No. 2012–T–0049, 2013–Ohio–1298, ¶ 16.  In the instant case, appellee noted at sentencing that the exception to community-control applied, and the trial court found the prison term was warranted due to, e.g., the extent of the injuries sustained by the victims.  T. Sentencing, 11-12.

{¶24} Appellant next argues that the trial court erred in considering evidence of the more serious felonies as originally indicted, and the O.V.I. charge which was dismissed.  We have reviewed the record of the sentencing hearing and do not find that the remarks of the trial court were improper, much less that they constitute a reason to invalidate the sentence.

{¶25} In *State v. Bailey*, 5th Dist. Ashland No. 14-COA-008, 2014-Ohio-5129, at ¶ 26, we stated the following regarding the impact of those factors the trial court may consider during sentencing:

> * * * *. Appellant also takes issue with the emphasis the trial court placed on his drug abuse and voluntary admissions contained within the P.S.I., but such information is solidly relevant to the sentencing analysis. Evidence of other crimes, including crimes that never result in criminal charges being pursued, or criminal charges that are dismissed as a result of a plea bargain, may be considered at sentencing. *State v. Starkey,* 7th Dist. Mahoning No. 06 MA 110, 2007–Ohio–6702, ¶ 17, citing *State v. Cooey,* 46 Ohio St.3d 20, 35, 544 N.E.2d 895 (1989). Furthermore, what the defendant is originally charged with and whether the charge is reduced in exchange for a plea is relevant to the court in determining the appropriate sentence.

*State v. Hill,* 7th Dist. Mahoning No. 13 MA 1, 2014–Ohio–919, ¶ 35.

Our review of a felony sentence includes: (1) the P.S.I.; (2) the trial

court record; and (3) any oral or written statements made to or by the

court at the sentencing hearing. R.C. 2953.08(F). Allegations against

an offender which never resulted in criminal charges may be

contained within a P.S.I. *Cooey,* 46 Ohio St.3d at 35, 544 N.E.2d

895. This information is part of a defendant's social history and

worthy of consideration by the courts during the sentencing phase.

*Id.*

{¶26} We find the trial court's remarks were not improper and the trial court was required to consider the circumstances of the crash, the injuries of the victims, and appellant's comments in the P.S.I.

{¶27} Finally, appellant argues the trial court failed to make the required findings to impose consecutive sentences.  In Ohio, there is a statutory presumption in favor of concurrent sentences for most felony offenses. R.C. 2929.41(A). The trial court may overcome this presumption by making the statutory, enumerated findings set forth in R.C. 2929.14(C) (4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.3d 659, ¶ 23. This statute requires the trial court to undertake a three-part analysis. *State v. Alexander,* 1st Dist. Hamilton Nos. C–110828 and C–110829, 2012–Ohio–3349, 2012 WL 3055158, ¶ 15.

{¶28} R.C. 2929.14(C)(4) provides,

If multiple prison terms are imposed on an offender for

convictions of multiple offenses, the court may require the offender

to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶29} In *State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, syllabus, the Supreme Court of Ohio stated that: "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C.

2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings."

{¶30} Furthermore, the sentencing court is not required to recite "a word-for-word recitation of the language of the statute." *Bonnell*, ¶ 29. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* A failure to make the findings required by R.C. 2929.14(C)(4) renders a consecutive sentence contrary to law. *Bonnell,* ¶ 34. The findings required by R.C. 2929.14(C)(4) must be made at the sentencing hearing and included in the sentencing entry. Id. at the syllabus. However, a trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a *nunc pro tunc* entry to reflect what actually occurred in open court. *Bonnell,* ¶ 30.

{¶31} In the instant case, the record does support a conclusion that the trial court made all of the findings required by R.C. 2929.14(C)(4) at the time it imposed consecutive sentences.  We are able to discern that the trial court engaged in the correct analysis and the record contains evidence to support the findings:

> THE COURT:  * * * *.  I have considered the statements of the parties, the overriding purposes of felony sentencing, and the relevant seriousness and recidivism factors.  I've considered the presentence investigation report, victim impact statements, the letters in support of the Defendant.  Taking all of these factors into

consideration, I find that this is a prison sentence due to the—the nature of the injuries that the victims sustained here, and frankly the underlying circumstances here.  * * * *.

I'm going to impose a prison term on each count; twelve months on each count.  Those will be ordered to be served consecutively with one another.  * * * *.

I find that any presumption in favor of concurrent terms in this case is overcome by the fact that concurrent terms would not adequately punish the offender, protect the public, and that it would demean the seriousness of the offense.

* * * *.

T. Sentencing, 12-13.

{¶32} We find that the record in the case at bar clearly and convincingly supports the trial court's findings under R.C. 2929.14(C)(4).  We find by clear and convincing evidence that the record does support the trial court's findings under the relevant statutes and the sentence is not contrary to law.

{¶33} Appellant's first, second, third, and fifth assignments of error are overruled.

IV.

{¶34} In his fourth assignment of error, appellant argues he received ineffective assistance of trial counsel because the defense trial counsel did not object to his purportedly-improper sentence.  In light of our conclusions supra that appellant's sentence is not contrary to law or otherwise improper, we disagree.

{¶35} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See, Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158 (1955). "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶36} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

{¶37} In the instant case, we have found that appellant's sentence was proper, supra. We are therefore unable to find that defense trial counsel erred in failing to object to the sentence, much less that appellant suffered any prejudice therefrom. Appellant has not established ineffective assistance of counsel and the fourth assignment of error is overruled.

**CONCLUSION**

{¶38} Appellant's five assignments of error are overruled and the judgment of the

Licking County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.