[Cite as *State v. Endrizzi*, 2015-Ohio-3961.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NOS. 14 CO 11 |
| | ) | 14 CO 12 |
| PLAINTIFF-APPELLEE | ) | 14 CO 13 |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| LINDA ENDRIZZI | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from the Court of
Common Pleas of Columbiana County,
Ohio
Case Nos. 12 CR 253; 09 CR 21;
13 CR 154

JUDGMENT:        Affirmed.

APPEARANCES:

For Plaintiff-Appellee:        Atty. Robert Herron
Columbiana County Prosecutor
Atty. Ryan P. Weikart
Assistant Prosecuting Attorney
105 South Market Street
Lisbon, Ohio  44432

For Defendant-Appellant:        Atty. Eric C. Nemecek
McCarthy, Lebit, Crystal
  & Lifftnan Co., LPA
101 Prospect, W., Suite 1800
Cleveland, Ohio  44115

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated:  September 25, 2015

WAITE, J.

**{¶1}** Appellant Linda Endrizzi appeals a January 21, 2014 Columbiana County Common Pleas Court sentencing entry. Appellant pleaded guilty to three separate OVI offenses and was sentenced to five years of incarceration. Appellant was also given a lifetime license suspension and her community control was terminated. Appellant concedes that her sentence is not contrary to law, but argues that the trial court abused its discretion in determining her sentence. Appellant argues that the trial court did not consider all relevant factors under R.C. 2929.11, R.C. 2929.12(B) and R.C. 2929.11(C). As the record clearly demonstrates that the trial court properly considered all sentencing statutes and Appellant's sentence was within the statutory range, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Procedural and Factual History

*Case No. 2009 CR 21*

**{¶2}** On January 21, 2009, Appellant drove her car off the road and into a ditch. As the responding patrolman arrived on the scene, he observed Appellant attempt to drive her way out of the ditch. According to the patrolman, Appellant exhibited signs of intoxication. The patrolman discovered that she had five prior OVI convictions and was driving under a suspended license. Appellant's BAC was .187, above the 0.08 limit in Ohio.

**{¶3}** Appellant was charged with two counts of OVI with specifications; one count in violation of R.C. 4511.19(A)(1)(a), a felony of the fourth degree; and one count in violation of R.C. 4511.19(1)(1)(h), a felony of the fourth degree. Appellant

pleaded guilty to the second count and was sentenced to five years of community control and a 180-day term at Eastern Ohio Correctional Center ("EOCC").  She was additionally ordered to attend counseling and abstain from the use of alcohol.  Her sentence was later modified and she was released from EOCC approximately 40 days early.  She was granted limited occupational driving privileges.

*Case No. 2012 CR 253*

**{¶4}**  On September 27, 2012, while Appellant was still under community control, she drove her car off the road, struck an embankment, and her car overturned.  Appellant was trapped inside the vehicle when officers responded to the scene.  Appellant was taken to the hospital and a blood draw was taken.  The draw revealed that Appellant's BAC was .206.  Accordingly, she was charged with two OVI offenses; one count in violation of R.C. 4511.19(A)(1)(a), a felony of the fourth degree; and one count in violation of R.C. 4511.19(A)(1)(f).  Appellant pleaded guilty to both counts, which merged for sentencing purposes.

*Case No. 2013 CR 154*

**{¶5}**  On March 29, 2013, while on bond for the prior incident, Appellant drove her car off the road, struck a mailbox and a utility box, and crashed into a tree.  After Appellant refused to consent to a blood draw, a warrant was obtained.  The record reflects that Appellant's BAC was .212.  Appellant was charged with two OVI offenses; one count in violation of R.C. 4511.19(A)(1)(a), a felony of the fourth degree; and one count in violation of R.C. 4511.19(A)(1)(f).  Appellant again pleaded guilty to both offenses, which merged for sentencing purposes.

*Sentencing*

**{¶6}** On May 1, 2013, Appellant stipulated to a probable cause determination stemming from her community control violation. On January 17, 2014, the trial court sentenced Appellant on each case. In case number 09 CR 21, Appellant was sentenced to twelve months of incarceration and her community control was terminated. In case number 12 CR 253, Appellant was sentenced to two years. In case number 13 CR 154, Appellant was sentenced to three years of incarceration and was given a lifetime license suspension. The twelve-month sentence in case number 09 CR 21 was ordered to run concurrently with the two year sentence in case number 12 CR 253; both sentences were ordered to run consecutively with the three year sentence in case number 13 CR 154. Thus, Appellant was sentenced to five years in the aggregate. This timely appeal followed.

Assignment of Error

THE TRIAL COURT ABUSED ITS DISCRETION AND/OR IMPOSED A SENTENCE CONTRARY TO LAW BY FAILING TO CONSIDER ALL STATUTORY SENTENCING FACTORS.

**{¶7}** Appellant concedes that her sentence was within the statutory range permitted by law and her sentence is not clearly contrary to law. However, Appellant argues that the trial court abused its discretion in sentencing her to a five year period of incarceration. Appellant contends that the trial court focused on punishment and the protection of society, but completely ignored other aspects of sentencing.

**{¶8}** Appellant focuses first on R.C. 2929.11 and asserts that the trial court failed to consider whether her sentence imposes an unnecessary burden on state or local resources. Appellant claims that the trial court also did not analyze the recidivism and seriousness factors. Appellant argues that this error was amplified by the trial court's failure to consider evidence that the instant offenses were not as serious as similar conduct. In support of her argument, Appellant states there were no third-party injuries, she did not hold a position of trust, her occupation does not oblige her to prevent the offense, and she did not commit the offense for hire or in organized criminal activity. She stresses that the trial court ignored her rehabilitation efforts.

**{¶9}** The state contends, however, that Appellant's sentence is within the statutory range and is supported by her conduct, criminal history, and failed community control efforts. The state notes that the trial court judge expressly stated he considered the record, hearings, PSI, and R.C. 2929.11 and 2929.12. In regard to Appellant's argument that the trial court did not consider whether the sentence imposes an unnecessary burden on state or local resources, the state posits that such "cost-benefit analysis" downplays the nature of her conduct and Appellant's prior criminal record. (Appellee's Brf., p. 9.) As to Appellant's rehabilitation efforts, the state notes that many of her previous attempts at rehabilitation failed and she has been given many chances to avoid incarceration.

**{¶10}** This district is currently split as regards the standard of review in felony sentencing cases. See *State v. Hill,* 7th Dist. No. 13 MA 1, 2014-Ohio-919

(Vukovich, J., Donofrio, J., majority with DeGenaro, J., concurring in judgment only with concurring in judgment only opinion; *State v. Wellington,* 7th Dist. No. 14 MA 115, 2015-Ohio-1359 (Robb, J., DeGenaro, J., majority with Donofrio, J. concurring in judgment only with concurring in judgment only opinion).

**{¶11}** One approach, as adopted in *Hill*, applies the two-prong test set forth in the plurality opinion in *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶26. *Hill* at ¶7-20. Under this approach, we first determine whether the sentence is "clearly and convincingly contrary to law." *Kalish* at ¶26 (O'Connor, J. plurality opinion). If the sentence is not contrary to law, a reviewing court next determines whether the trial court abused its discretion in ordering a sentence within the statutory range. *Id.* at ¶17.

**{¶12}** The other approach, as adopted in *Wellington,* is to strictly follow R.C. 2953.08(G), which does not include an abuse of discretion standard. *Wellington* at ¶9-14. Rather, R.C. 2953.08(G) solely looks to whether a felony sentence is clearly and convincingly contrary to law. *Id.*

**{¶13}** The issue of which standard of review an appellate court is to apply is currently before the Ohio Supreme Court. *State v. Marcum,* 141 Ohio St.3d 1453, 2015-Ohio-239, 23 N.E.3d 1453. The Court has accepted the certified question "[D]oes the test outlined by the [c]ourt in State v. Kalish apply in reviewing felony sentences after the passage of R.C. 2953.08(G)?" *Id.* In the present case, regardless which approach is used, the result is the same and Appellant's sentence is affirmed.

{¶14} At the sentencing hearing, two witnesses testified on Appellant's behalf. The first, Cheryle Herr, is Appellant's chemical dependency counselor. Ms. Herr testified that Appellant had been seeking treatment for alcoholism for years, but was unsuccessful until her most recent accident. After the accident, a doctor diagnosed her with a disorder that is characterized by high amounts of dopamine being released into the brain, which causes anxiety. According to Ms. Herr, alcoholics like Appellant self-medicate this disorder through alcohol. Ms. Herr stated that the doctor, who did not testify, prescribed Appellant medication to treat her disorder, and in the ten months from diagnoses to hearing, Appellant remained sober. Ms. Herr acknowledged that Appellant had previously managed to remain sober for periods of time, but believed that as long as Appellant continued her medication, she would now continue to remain sober. Cindy Scarabino, Appellant's probation officer, testified that other than the incidents at issue, Appellant had complied with her probation.

*R.C. 2929.11*

{¶15} R.C. 2929.11 states that:

(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall

consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶16} Appellant correctly states that one of the goals of sentencing is to punish the offender by use of the most minimum sanction without imposing an unnecessary burden on state or local government resources. However, R.C. 2929.11 also provides that another purpose of felony sentencing is to protect the public from future crime by the offender. To achieve these purposes, the sentencing court must consider the need for incapacitating and deterring the offender and others from future crime, and must also consider rehabilitation and restitution.

{¶17} The prosecutor pointed out that Appellant was under community control for her first OVI offense at the time she committed her second OVI offense. Further, while she was on bond for her second OVI, she committed her third OVI offense. The state argued that this pattern suggests that Appellant is not a candidate for community control. The state contended that as Appellant had been unable to

control her drinking, the risk of her injuring someone was strong enough to warrant lengthy incarceration.

**{¶18}** At the conclusion of these arguments, the trial court acknowledged Appellant's remorse and balanced it against the need to protect the public. The trial court judge stated:

> I don't doubt your sincere remorse. I believe every word that you've said today. But it seems to me that alcohol is only a portion of the issue. As an alcoholic you pose a danger to yourself. But what I've seen throughout these cases is that you coupled your disease with the decision to pick up car keys and drive. And when you do that, Ma'am, you pose a danger not only to yourself but everybody else who's on the highway, every innocent motorist who's using the highway. And that's a choice that you've made repeatedly.

(1/17/2014 Sentencing Hrg. Tr., pp. 45-46.)

**{¶19}** The judge further acknowledged and balanced Appellant's previous attempts at community control:

> You had an opportunity to go through EOCC as part of the Community Control granted to you in 09 CR 21. I don't know whether you successfully completed that program. But you were placed on Community Control. And you were found in violation of your Community Control. So in my mind, Ma'am, it's not a matter of giving up, but it's a matter of protecting the public.

(1/17/2014 Sentencing Hrg. Tr., p. 46.)

**{¶20}** Additionally, the trial court noted that "[a]gain the record, including the Presentence Investigation tells me that you continue to drive, continue to be involved in motor vehicle collisions even after your driver's license was suspended." (1/17/2014 Sentencing Hrg. Tr., p. 48.)

**{¶21}** The trial judge's statements demonstrate that he considered community control options and rehabilitation, but based on the facts, here, protection of the public outweighed these considerations. Accordingly, Appellant's argument that the court did not consider these factors is unsupported by the record.

*R.C. 2929.12(B)*

**{¶22}** R.C. 2929.12(B) states:

The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:

(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

(3)   The offender held a public office or position of trust in the community, and the offense related to that office or position.

(4)  The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.

(5)  The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.

(6)  The offender's relationship with the victim facilitated the offense.

(7)   The offender committed the offense for hire or as a part of an organized criminal activity.

(8)  In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.

(9)   If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code * * *.

**{¶23}** Based on this record, only the second factor appears to be relevant. Contrary to Appellant's assertion, we note that while a third-party did not suffer a physical injury, the crime was not victimless.  In case number 13 CR 154, Appellant's car went off the road and onto someone's property.  Appellant's car hit the property owner's mailbox and a utility box before crashing into a tree.  The police report

indicates that there was also damage to the yard. As one of the incidents caused property damage, there was a third-party victim. The presence of economic harm to property applies to the second factor. Thus, an analysis of the relevant R.C. 2929.12(B) factors supports the trial court's determination.

*R.C. 2929.12(C)*

**{¶24}** R.C. 2929.12(C) states:

The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:

(1) The victim induced or facilitated the offense.

(2) In committing the offense, the offender acted under strong provocation.

(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

**{¶25}** Again looking at this record, it is apparent that factors one and two do not apply. Under the third factor, as previously discussed, Appellant hit a mailbox, a utility box, crashed into a tree and caused damage to the yard. Appellant did cause harm to property.

**{¶26}** Turning to Appellant's argument that, under the fourth factor, the trial court failed to consider that the offense was not as serious as similar conduct, the trial court found the exact opposite to be true. The trial court noted that in continuing to drive, Appellant's conduct risked not only her own life, but the lives of every person on the road.

**{¶27}** The record also demonstrates that the trial court considered Appellant's extensive traffic record. From 1990 to the present date, Appellant has had a total of eight OVI convictions, a DUI conviction, driving under OVI suspension convictions, and a drug trafficking conviction. Appellant also has a criminal record consisting of several disorderly conduct convictions, fleeing and eluding a police officer, resisting arrest, criminal damaging, passing bad checks, assault, theft and criminal trespassing.

**{¶28}** The Twelfth District decided a similar case which provides some instruction. Although the facts are limited, the defendant was sentenced to thirty months of incarceration on an OVI offense and twelve months on a community control violation. Both sentences were ordered to run consecutively. *State v. Elliott*, 12th Dist. No. CA2009-03-020, 2009-Ohio-5926, ¶2. Defendant challenged his sentence under an abuse of discretion theory; however, the Twelfth District upheld his sentence. *Id.* at ¶2. The court emphasized the defendant's record, which included fifteen OVI convictions. The court also found significant that he continued to operate his vehicle while under a license suspension. *Id.* The court noted that the defendant had a history of failed rehabilitation efforts. *Id.* at ¶12. These factors were

weighed against the mitigating factors, which included his admission to alcohol addiction and his request for help. Ultimately, the court determined that incarceration was the best way to protect to public. *Id.*

**{¶29}** It is clear from this record that the trial court found Appellant's lengthy criminal and traffic record significant. The court also emphasized the chances Appellant had been given and that incarceration was necessary to protect the public and deter Appellant from reoffending. Accordingly, this record demonstrates that the trial court properly considered all relevant sentencing statutes and properly considered Appellant's conduct, criminal history, and the need to protect society from future offenses. Appellant's sole assignment of error is without merit and overruled.

Conclusion

**{¶30}** The trial court made it clear that Appellant's sentence is the result of her past traffic and criminal record. Further, the court predicated its decision based on the fact that Appellant was driving under OVI suspension at the time of each incident. Contrary to Appellant's arguments, the record demonstrates that the trial court considered Appellant's remorse and rehabilitation. Thus, the record does not support Appellant's argument that her sentence is contrary to the law or that the trial court abused its discretion. Appellant's sole assignment of error is without merit and the judgment of the trial court is affirmed.

Donofrio, P.J., concurs.

Robb, J., concurs.